UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA BAHRAINI,<br><br>        Plaintiff,<br><br>   v.<br><br>JIN CHEN and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. 2:18-cv-03261-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Jin Chen's ("Chen") Motion to Remand.[1] (ECF No. 15.) Plaintiff Mona Bahraini ("Plaintiff") filed a Statement of Non-Opposition to Defendant's motion. (ECF No. 17.) Having carefully considered the briefing filed by both parties, the Court hereby GRANTS Chen's Motion to Remand. (ECF No. 15.)

///
///
///
///
///

---

[1] Only Chen is a party to this motion. Plaintiff's claim against Defendant Costco Wholesale Corporation ("Costco") was settled and dismissed. (*See* ECF Nos. 11, 12.)

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on June 27, 2017, Chen's minor child ran into her while operating a motorized cart on the premises of the Costco store located in Elk Grove, California. (ECF No. 1 at 23.) Plaintiff was injured as a result of the incident. (*Id.*) Plaintiff brought a negligence claim against Costco, claiming Costco was negligent in maintaining its premises. (*Id.*) Plaintiff also brought a negligence claim against Chen and Does 1 through 20 (collectively "Defendants"), claiming they were negligent in the supervision of Chen's minor child. (*Id.*) Plaintiff argues Defendants "owed a heightened duty of care to take all reasonable measures to carry out their mandatory and statutory duties to protect and supervise [Chen's] child, to prevent foreseeable harm." (*Id.*)

On August 15, 2018, Plaintiff brought suit against Defendants in Sacramento County Superior Court, alleging a single cause of action for negligence. (*Id.* at 22–25.) On December 26, 2018, Costco removed this action to this Court under 28 U.S.C. § 1441 (diversity jurisdiction), asserting Plaintiff is a citizen of California, Costco is a citizen of Washington, and the value of Plaintiff's damages amounted to $10,036,924.50.[2] (*Id.* at 2, 4.)

On February 12, 2020, Costco filed a Joint Stipulation and Order of Dismissal with Prejudice as to Costco after a settlement was reached between Plaintiff and Costco. (ECF No. 11.) Thereafter, Costco was dismissed from the current action and Chen remained the sole defendant. (ECF No. 12.) On August 24, 2020, Chen filed a Motion to Remand. (ECF No. 15.) On August 26, 2020, Plaintiff filed a Statement of Non-Opposition to Chen's motion. (ECF No. 17.)

### II.   STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction

---

[2] The Court notes that Costco's Notice of Removal does not include Chen's citizenship. (*See* ECF No. 1.) Chen subsequently states in his Motion to Remand that both he and Plaintiff are California residents (ECF No. 15-1 at 2), suggesting that at even the time of Costco's removal of this action to this Court, subject matter jurisdiction did not exist.

2

over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (*i.e.*, complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), *superseded by statute on other grounds*, Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), *as recognized in Vodicka v. Southern Methodist Univ.,* No. 3:06-cv-2014-P, 2008 WL 11424122, at * (N.D. Tex. Dec. 31, 2008). An individual defendant's citizenship is determined by the state in which he or she is domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

///

///

///

### III. ANALYSIS

Chen moves to remand this action to Sacramento County Superior Court, arguing this Court lacks subject matter jurisdiction. (ECF No. 15 at 1.) Chen contends the "complaint does not raise a substantial federal question[] that is necessary to resolution of any of Plaintiff's claims, and with the dismissal of [Costco], a Washington State corporation, there is no diversity jurisdiction." (*Id.*) Plaintiff does not oppose Chen's motion. (ECF No. 17.)

As Chen is the sole remaining defendant, and both Chen and Plaintiff are citizens of California, there is no diversity jurisdiction under 28 U.S.C. § 1332(a). Additionally, Plaintiff's state law negligence claim does not establish federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 15 at 12.) Without diversity jurisdiction or federal question jurisdiction, this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Thus, this action must be remanded to the Sacramento County Superior Court.

### IV. CONCLUSION

For the foregoing reasons, Chen's Motion to Remand is GRANTED. (ECF No. 15.) This action is hereby remanded to the Sacramento County Superior Court and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: February 9, 2021

Troy L. Nunley
United States District Judge